UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA BAGA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PRESIDIO NETWORKED SOLUTIONS, LLC,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-1325 MJP<br><br>ORDER GRANTIING STIPULATED MOTION TO EXTEND IN PART |

This matter comes before the Court on the Parties' Stipulated Motion to Extend the Dispositive Motion Deadline. (Dkt. No. 17.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion, in part.

The Parties ask the Court to extend the dispositive motion deadline from July 10, 2023, until August 31, 2023. The Parties ask for the extension because on June 23, 2023, they discussed participating in mediation and believe they will not be able to locate a mediator until

ORDER GRANTIING STIPULATED MOTION TO EXTEND IN PART - 1

August 2023. The request would make dispositive motions ripe for decision on September 22, 2023, just six weeks before trial is set to commence on November 6, 2023.

Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." Id. (citation omitted).

The Parties have shown only limited diligence that might support an extension of the dispositive motion deadline. The Parties only decided to engage in mediation on June 23, 2023, despite "ongoing settlement discussions." The Parties do not explain why they could not have decided to mediate earlier. Nor do they explain why they cannot find a mediator before August 2023. The Court notes that the Parties are not required to mediate and are free to discuss settlement directly without the assistance of a third-party neutral.

That said, the Court does find there to be good cause for a limited extension of the dispositive motion deadline. The Court acknowledges the Parties' desire to limit costs and expenses and conserve judicial resources. And the Court notes that the Parties have otherwise diligently engaged in discovery and seek only a limited extension. But the Court cannot grant an extension of the dispositive motion deadline as requested because it would give the Court a mere 6 weeks to resolve any dispositive motions before trial. This would not allow the Court sufficient time to rule on any such motions. The ruling may obviate trial altogether and could substantially impact the Parties pretrial filings. Accordingly, the Court GRANTS the Motion, in part, and

1  extends the dispositive motion deadline to August 10, 2023. Any further requested extensions
2  must also propose a new trial date and demonstrate good cause in accordance with Rule 16.
3  The clerk is ordered to provide copies of this order to all counsel.
4  Dated July 7, 2023.

*[signature]*

Marsha J. Pechman
United States Senior District Judge